IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAMELA J. DEES,

Plaintiff,

v.

BOB EVANS FARMS, INC.,

Defendant.                                          No. 03-CV-850-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

Plaintiff brought a three-count suit against Defendant, consisting of a sexual harassment claim pursuant to Title VII of the Civil Rights Act of 1964, a claim for age discrimination pursuant to Title I of the Americans with Disabilities Act, and a claim for intentional infliction of emotional distress. (Doc. 1.) Defendant later filed a Motion for Summary Judgment. (Doc. 32.) The Court subsequently granted Defendant's Motion for Summary Judgment and entered judgment in favor of Defendant and against Plaintiff. (Docs. 44 & 45.) Therefore, Plaintiff is obligated to reimburse Defendant for its reasonable costs associated with defending this suit. Plaintiff has filed an Objection to Defendant's Bill of Costs. (Doc. 52.) Defendant has filed an opposition to Plaintiff's objection. (Doc. 54.)

For the reasons stated herein, the Court agrees with Plaintiff's objection and hereby **STRIKES** the expense for the videotaped deposition of Plaintiff in the amount of $820.95 from Defendant's Bill of Costs, so that Plaintiff may not be taxed for such item.

## II. ANALYSIS

Plaintiff objects to two items listed on Defendant's Bill of Costs. The first is the cost of the videography service charges for video taping the deposition of the plaintiff, Pamela Dees. (Doc. 52, ¶ 2.) Plaintiff notes that a court reporter was also present at the taking of the deposition of Dees and an independent transcript was prepared. (*Id.* at ¶ 3.) Further, Plaintiff argues that Defendant did not make use of the videotape in his Motion for Summary Judgment, which was granted. (*Id.* at ¶ 5.) The second item Plaintiff objects to is the cost of the court reporter fees for the transcript of Tina Marie Reimler, as no part of her testimony was used for Defendant's Motion for Summary Judgment. (*Id.* at ¶ 6.)

Defendant opposes Plaintiff's two objections. (Doc. 54.) However, Defendant has agreed to withdraw the costs associated with the transcription of Reimler's deposition ($99.50), and therefore, the Court finds that Plaintiff's second objection is hereby **MOOT**. (*Id.* at p. 1, 2d para.)

As such, the only remaining issue is whether Defendant's expenses for taking the videotaped deposition of Plaintiff are considered taxable costs in this case. Defendant, in support of its argument that both the stenographic transcription *and* videography services are taxable costs, cites the Seventh Circuit opinion of ***Jacobs***

*v. University of Wisconsin Hosp. & Clinics Auth.*, 12 Fed. Appx. 386, 390 (7th Cir. 2001) (holding that the district court did not err in taxing both the videotape and transcript deposition costs to Plaintiff, because of the 1993 amendment to Federal Rule of Civil Procedure 30(b)(4), which eliminated the phrase "*at the party's own expense*"from the original phrase, "a party may arrange to have a stenographic transcription made at the party's own expense."). Additionally, Defendant cites to *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471 (10th Cir. 1997).

The Court notes that *Jacobs* was not selected for publication in a federal reporter. Additionally, as *Tilton* is a Tenth Circuit case, it is not binding authority upon the Court. However, several published Seventh Circuit opinions *do* exist to shed light on the issue.

**28 U.S.C. § 1920(2)** requires that "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" be considered taxable costs. *Id.* Because the United States Supreme Court has already held that **28 U.S.C. § 1920(2)** should be strictly construed in regard to another provision, there is a split among the circuits as to whether videotaped depositions are considered taxable costs. *See* **Michael J. Henke & Craig D. Margolis**, *The Taking and Use of Video Depositions: An Update*, 17 REV. LITIG. 1, 11-12, n.49 (Winter 1998) *(citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440-42 (1987)). The Seventh Circuit seems to follow the approach of awarding

"either the costs of a video deposition or the cost of stenographic transcription, but not both." ***Id.* at 12 (citing *Barber v. Ruth*, 7 F.3d 636, 644-45 (7th Cir. 1993) and *Commercial Credit Equip. Corp. v. Stamps*, 920 F.2d 1361, 1368 (7th Cir. 1990), *superseded by statute*, 1993 amendment to Fed. R. Civ. P. 30, *as recognized in Garonzik v. Whitman Diner*, 910 F. Supp. 167, 171 (1995)).**

In ***Barber*,** the Seventh Circuit found that the district court did not abuse its discretion when it found the costs of a videotaped deposition taxable due to the fact that it was reasonably necessary for use in the case. ***Barber*, 7 F.3d at 645 (stating that "[t]he determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use," and citing *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir.1985)).** Similarly, in ***Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998),** the Seventh Circuit found no abuse of discretion in the district court allowing costs for a videotaped deposition to be taxable when the party taking the deposition provided valid arguments in support of the videotaping for an out-of-state witness. ***Held*** seems to be the most recent published Seventh Circuit case addressing this issue.

Consistent with Seventh Circuit opinion, the Court finds that the expense for a videotaped deposition shall be deemed a taxable cost if the party taking it provides that it was reasonably necessary.

In Defendant's opposition, no explanation of reasonable necessity is

given. Defendant merely states that the videotaped deposition costs are properly taxable, coupled with citations of non-binding authority. Defendant did not specifically request authorization from this Court to take Plaintiff's deposition by videotape. Nor did Defendant use anything but transcript references of Plaintiff's deposition as evidence in its Motion for Summary Judgment. Further, even if the Court had denied Defendant's Motion for Summary Judgment, the Court sees no significant reason why Defendant would require a videotaped deposition of Plaintiff during trial, as Plaintiff would most certainly be expected to testify on her own behalf. For these reasons, and for the additional fact that Defendant has not argued otherwise, there is no reasonable necessity for the videotaped deposition.

Accordingly, as it is in the Court's discretion, the Court finds that Plaintiff should only be taxed for the costs associated with the stenographic deposition taken of Plaintiff, and not for the expense associated with the videotaped deposition of Plaintiff, because a videotaped deposition of Plaintiff was not reasonably necessary.

### III. CONCLUSION

The Court hereby agrees with Plaintiff's objection to the expense associated with the videotaped deposition of Plaintiff listed in Defendant's Bill of Costs because a videotaped deposition of Plaintiff was not reasonably necessary in this case. Accordingly, the Court deems the costs associated with the videotaped deposition, in the amount of **$820.95**, are *not* taxable costs and **STRIKES** this item from Defendant's Bill of Costs. Therefore, Plaintiff is not obligated to reimburse

Defendant for the expense associated with the videotaped deposition of Plaintiff in the amount of $820.95.  Further, because in its Response to Plaintiff's Objection, Defendant has agreed to withdraw the transcription costs for deposition of Tina Marie Reimler, the Court finds that Plaintiff's objection to this item is **MOOT**.  The Court hereby **AWARDS** Defendant **$2,143.95** in costs.

    **IT IS SO ORDERED.**

    Signed this 12th day of September, 2005.


    /s/    David RHerndon
    United States District Judge